**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1858**

MICHAEL OSEI,

       Plaintiff - Appellant,

       v.

UNIVERSITY OF MARYLAND UNIVERSITY COLLEGE, ("UMUC"); THE OFFICE OF FINANCIAL AID, UMUC; JAVIER MIYARES; JULIE LINDENMEIER; CLAIRBOURNE W. PATTY; TERRENCE COOPER; LYNETTE O'LEARY,

       Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:15-cv-02502-DKC)

Submitted: February 17, 2022               Decided: March 22, 2022

Before GREGORY, Chief Judge, and RICHARDSON and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Osei, Appellant Pro Se. Catherine Anne Bledsoe, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Osei filed a complaint against the University of Maryland University College ("UMUC"), its financial aid office, and several UMUC employees. The district court dismissed the complaint for failure to state a claim without addressing Osei's request for leave to amend his complaint. We vacated the court's dismissal order and remanded to allow the court to decide whether leave to amend should be granted. The court denied Osei's motion for leave to amend with prejudice, and Osei sought to appeal that order. We dismissed that appeal as interlocutory because our prior vacatur of the dismissal order meant that the original complaint and Defendants' motions to dismiss for failure to state a claim were still pending. The district court has now entered a final judgment dismissing Osei's complaint and denying his motion to amend, both with prejudice.

On appeal, Osei challenges only the district court's denial of his motion to amend, which we review for abuse of discretion. *See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 227 (4th Cir. 2019). As Osei observes, courts should "freely give parties leave to file amended pleadings" and "deny such leave only in cases of prejudice, bad faith, or futility." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (internal quotation marks omitted). Here, however, Osei deprived the district court of an opportunity to assess futility by consistently violating D. Md. Local R. Civ. P. 103.6(a), which requires litigants seeking leave to amend to submit a proposed amended complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 197 (4th Cir. 2009) (explaining that Local Rule 103.6(a) "provide[s] the district court with a means by which to determine whether the amendment would cure the defects in the initial complaint"). Notably, the

2

district court accorded Osei ample opportunity to submit a proposed amended complaint and to retain counsel who could help prepare that amended complaint.

We therefore conclude that the district court did not abuse its discretion in denying Osei's motion to amend with prejudice and affirm the district court's judgment. We also deny Osei's request to remove Judge Chasanow from his case and deny Defendants' motion to strike Osei's informal brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*